Kinsey C. J.
As to the 1st point made by defendant’s counsel, it is in substance what has been overruled; if the time is not material, then Smock could not waive the contract.
As to the 3d point, I think the delivery or tender sufficient. The second objection is of more consequence. On nil debet which is pleaded here, the whole declaration is put in issue. Plaintiff agreed to make a conveyance, free of all encumbrances, (that is, as I understand it excepting Ludlums, which Smock was to pay.)
The true intent of a conveyance, free of encumbrance, was to make a good title; a deed is only the mode.
The making a deed is surely not sufficient; the plaintiff should show he has a title, without this, his deed is insufficient; to be sure, he need not deduce an ejectment title; but he should show how he is seized. A prima facie title not liable to any colourable objection, should be laid before the court and jury; he must show a right. I should be unwilling to force £700 out of the defendant’s pocket; upon the plaintiff’s bare deed, without proof of his right to make it.
The objection is fatal — The plaintiff must be nonsuit.
Smith J. and Chetwood J. assented.
Boudinot junr. said he had the title in court and could show it.
*109 Per Cur.
It is too late af>- í /,adgnu-nt of Nonsuit, (a)

 Note. The plaintiff'might kit o -cfused to'be nonsuit, and proceeded in his evidence: 2 Binn. 234 It would seem contrary to right too that a party must be nonsuit, because he insists upon a case as sufficient, but the court thinking otherwise, he submits and is ready to prove Ms case accordingly: a party would on this principle be punished for taking the opinion of the court on a point. It would seem that a party should be allowed to prove whatever the court determined, he should have proved, and the cause proceed. Reporter.